PEOPLE v DUKES

Docket No. 99467. Submitted May 10, 1988, at Detroit. Decided
    August 2, 1988.

    James Dukes, Jr., was convicted of carrying a concealed weapon
    in a motor vehicle by a jury in the Detroit Recorder's Court.
    Defendant appealed alleging that the trial court, Michael J.
    Talbot, J., abused its discretion in ruling that defendant could
    be impeached with evidence of a prior conviction for armed
    robbery should he decide to testify. Defendant did not testify.

        The Court of Appeals *held:*

        The trial judge did not abuse his discretion. The judge
    appreciated the relevant factors which weighed in favor of
    admitting evidence of the armed robbery conviction and exclud-
    ing evidence of defendant's manslaughter conviction. The short
    period of time between the armed robbery conviction and the
    commission of the instant offense favors its admission. The
    defendant's ultimate refusal to testify should not transform the
    judge's proper exercise of discretion into an abuse thereof.

        Affirmed.

1. CRIMINAL LAW — EVIDENCE — PRIOR CONVICTIONS — IMPEACH-
    MENT.

    A trial court determining whether to admit evidence of a defen-
    dant's prior convictions for impeachment purposes balances the
    probative value of the evidence of the convictions against their
    prejudicial effect; for purposes of the probativeness side of the
    equation, only an objective analysis of the degree to which the
    crime is indicative of veracity and the vintage of the conviction
    are considered, not either party's need for the evidence; for
    purposes of the prejudice factor, only the similarity to the

REFERENCES

Am Jur 2d, Evidence §§ 327, 329 *et seq.*

Am Jur 2d, Witnesses §§ 569 *et seq.*

Review on appeal, where accused does not testify, of trial court's
    preliminary ruling that evidence of prior convictions will be
    admissable under Rule 609 of the Federal Rules of Evidence if
    accused does testify. 54 ALR Fed 694.

Right to impeach credibility of accused by showing prior conviction,
    as affected by remoteness in time of prior offense. 67 ALR3d 824.

charged offense and the importance of the defendant's testimony to the decisional process are considered; the prejudice factor escalates with increased similarity and increased importance of the defendant's testimony to the decisional process.

2. Criminal Law — Evidence — Prior Convictions — Impeachment.

A defendant's ultimate refusal to testify does not transform a trial court's proper exercise of discretion in determining that the defendant could be impeached with evidence of a prior conviction should he decide to testify into an abuse thereof; although the court's predominant concern in exercising such discretion is the effect on the defendant's decision to testify, reversal is not mandated automatically whenever the defendant declines to testify following a determination to admit such evidence for impeachment purposes.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Brian D. Marzec,* Assistant Prosecuting Attorney, for the people.

*Carl Bloetscher, III,* and *Leo J. Carrigan, Jr.,* for defendant.

Before: Gribbs, P.J., and Maher and J. L. Banks,* JJ.

Per Curiam. On November 26, 1986, defendant was found guilty of carrying a concealed weapon in a motor vehicle, MCL 750.227; MSA 28.424, by a jury in the Detroit Recorder's Court. After being sentenced to one to five years imprisonment, he claimed this appeal as of right. We affirm.

The sole issue raised by defendant is whether the trial court abused its discretion in ruling that he could be impeached with evidence of a prior conviction for armed robbery should he decide to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

testify. Defendant claims that because of the court's ruling he was unwilling to testify and, therefore, the jury was deprived of his version of the offense.

In *People v Allen,* 429 Mich 558, 605-606; 420 NW2d 499 (1988), our Supreme Court recently reformulated the rules concerning the admission of evidence of prior convictions of a witness, including the witness-defendant:

> In sum, the trial judge's first task, under the amended MRE 609, will be to determine whether the crime contains elements of dishonesty or false statement. If so, it would be admitted without further consideration. If not, then the judge must determine whether the crime contains an element of theft. If it is not a theft crime, then it is to be excluded from evidence without further consideration. If it is a theft crime and it is punishable by more than one year's imprisonment, the trial judge would exercise his discretion in determining the admissibility of the evidence by examining the degree of probativeness and prejudice inherent in the admission of the prior conviction.

The amended MRE 609, insofar as the "bright-line" test is concerned, is not applicable to the instant case, though, since it was tried before the amended evidence rule's effective date of March 1, 1988. *Id.,* p 609.

However, that portion of *Allen* which clarifies the test for balancing the probative value of the convictions against their prejudicial effect is applicable to this case. *Id.* That balancing test is as follows:

> For purposes of the probativeness side of the equation, only an objective analysis of the degree to which the crime is indicative of veracity and the vintage of the conviction would be considered, not

either party's need for the evidence. For purposes of the prejudice factor, only the similarity to the charged offense and the importance of the defendant's testimony to the decisional process would be considered. The prejudice factor would, of course, escalate with increased similarity and increased importance of the testimony to the decisional process. [*Id.,* p 606.]

The Court emphasized, though, that "it is the effect on the decisional process if the defendant does not testify which must predominate and so the contradicting 'credibility contest' factor must therefore be eliminated." *Id.,* p 602.

In the case at bar, the court was asked to allow admission of evidence of defendant's two prior convictions. The first was for manslaughter, with a parole date of December 26, 1986. The second was for armed robbery, with a parole date of January 13, 1984. In allowing admission of evidence of the armed robbery conviction, but excluding evidence of the manslaughter conviction, the trial judge explained:

I think a jury should have every tool they possibly can to evaluate the truthfulness and credibility of a witness when they take the stand. Fortunately the crimes that he does stand convicted of are not for a similar purpose or similar type of crimes, so the prejudice is not as great because of similarity. That which he is charged with here, there's no similarity. But one of them, armed robbery, is a theft related crime and does assist, I think, a jury because it's the ultimate theft crime. Appreciate there was a gun involved, which has a gun here. I have no idea what caused the manslaughter, or if it was with something other than a gun. You could argue therefore there's similarity in that a weapon was utilized in an armed robbery, except I don't know. Should I make that quantum leap. It could be something

other than a gun. It could have been a knife or something. You can use anything used or fashioned in a manner to lead the person assaulted to believe it to be a dangerous weapon. So I don't know that guns were involved in either of the two prior convictions. What I do know is that one is for the ultimate theft offense, which helps a jury evaluate believability or credibility. The other is not for a theft related offense.

In the exercise of my discretion, I will not—I will grant the motion in part, not allow the conviction as to manslaughter, allow the conviction as to armed robbery, if the defendant elects to take the stand, so the jury may evaluate his truthfulness and credibility on the stand here today.

That explanation evidences the trial judge's appreciation of the relevant factors which weighed in favor of admitting evidence of the armed robbery conviction and excluding evidence of the manslaughter conviction. We would also add, though, that the short period of time between the armed robbery conviction and the commission of the instant offense favors its admission.

We do not believe that defendant's ultimate refusal to testify should transform the judge's proper exercise of discretion into an abuse thereof. Although the *Allen* Court indicated that the predominant concern is the effect on the defendant's decision to testify, we do not believe reversal is mandated whenever the defendant declines to testify. To so hold would, in effect, mark the demise of evidence of prior theft convictions being admitted at trial for impeachment purposes. A defendant could extort the exclusion of evidence of any theft conviction simply by indicating that he would not testify if it was admitted. Surely, the Supreme Court never intended such a result.

Affirmed.